UNITED STATES of America

v.

Earl STOUT.

Crim. No. 89–317–1.

United States District Court, E.D. Pennsylvania.

July 9, 1993.

Richard Sprague, Geoffrey R. Johnson, Philadelphia, PA, for petitioner.

Deborah Willig, Howard Kauffman, for AFSCME Dist. Council 33.

Seth Weber, Philadelphia, PA, for U.S.

Thomas Colas Carroll, Philadelphia, PA, for William Stout.

## MEMORANDUM

DITTER, District Judge.

This matter involves an attorney's request for a determination that an order disqualifying him from representing a defendant in a criminal case would not be a bar to his representing that defendant in collateral proceedings attacking the defendant's conviction.

Earl Stout is the former president of District Council 33 of the American Federation of State, County and Municipal Employees, AFL–CIO. He held this position for over 13 years. He also held positions of authority and responsibility with regard to the union's benefit funds and related organizations. Stout was indicted and eventually convicted of various charges dealing with the mismanagement of the funds of the union's entities.

During much of the time that Stout was president of the union, the union was represented by Richard A. Sprague, Esquire. After Stout's indictment but prior to his trial, the government moved to disqualify Sprague from representing Stout. I granted that mo-tion by an order dated October 11, 1989, in which I said, *inter alia:*

> The government's motion to disqualify Richard A. Sprague, Esquire, and the law firm of Sprague, Higgins, Creamer & Sprague from participation in this case is granted.

I explained my reasons for doing so in a detailed, 40–page memorandum. In essence, I concluded that it would be improper for Sprague to represent Stout because Sprague was then engaged in a fee-dispute with the union in a matter from which he had been disqualified from representing the union, but in which he had made arrangements that would enable him to share a $17 million fee from the union with the attorney whom he had contacted to take over the case. The second reason for disqualifying Sprague was that he had been general counsel for the union during the period which was involved in the misappropriation of funds charges against Stout. I concluded that it would be improper for the union's former general counsel to represent the man who was charged with the embezzlement of the union's money.

Through an appropriate motion, Sprague has now asked me to determine whether his representing Stout in post-conviction hearing proceedings would violate my disqualifying order of October 11, 1989.

When I said in my order of October 11, 1989, that Sprague was disqualified "from participation in this case," that is what I meant. "This case" means pre-trial proceedings, trial, and post-trial proceedings. The order is plain and unambiguous.

Although the $17 million fee-dispute has been settled, the fact remains that Sprague was the union's general counsel during the time Stout was responsible for the misappropriation of its funds. The union objected to Sprague's representing Stout then and it objects now. The same policy considerations that prompted me to disqualify Stout in the first place remain in effect.

There is another and even more compelling reason why Sprague should not represent Stout in a collateral challenge to his convictions. According to Sprague, that col-

lateral attack would be based upon Stout's contention that he did not receive effective assistance of counsel because his attorney did not raise Sprague's disqualification as the grounds for a new trial on direct appeal. Obviously to succeed in such a proceeding, Sprague would have to attack my reasoning or the facts upon which I depended in disqualifying him in the first place. In that regard he might wish to present evidence, including his own testimony. He could hardly be both attorney and witness. Any agreement on Sprague's part not to call himself as a witness might be a disservice to Stout. I am hard-pressed to imagine a more inappropriate thing then to allow Sprague to be the attorney who attacks Sprague's disqualification for the purpose of obtaining a new trial for Stout.

Stout's right to have Sprague represent him in collateral proceedings is far less compelling than was his right to have Sprague represent him at the time of trial. The reasons why Sprague should not be allowed to represent Stout in the collateral proceedings Stout contemplates are far more compelling than the reasons for disqualifying Sprague in the first place.

Finally, Sprague has not suggested any reason why some other attorney could not effectively represent Stout in such proceedings.

My order disqualifying Sprague "from participation in this case" must stand.